UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LUTHER SANSON, JR. et al                        CIVIL ACTION 3-04-2320

VERSUS                                    U.S. DISTRICT JUDGE ROBERT G. JAMES

CITY OF WEST MONROE, et al
                                         U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is defendants' motion for summary judgment, Doc. # 23, referred to me by the district judge for report and recommendation. This is a suit for damages by the owner of a wood frame rent house which was ordered demolished as a safety hazard by defendants. In plaintiffs'[1] complaint, they claim, without elaboration, that defendants violated their due process rights under the 14th Amendment of the U. S. Constitution. They further allege that the destruction of the house was "arbitrary and capricious". In their one and one-half page brief opposing the instant motion, plaintiff's allege that the city failed to comply with its building code, apparently by employing unqualified building inspectors, and that the house was demolished at a time when plaintiffs had a valid building permit on the structure. Plaintiffs do not explain how these facts, if proven, affect their constitutional rights. Plaintiffs in brief conclude by alleging that "there was a deprivation of rights by the Defendants" and that "[w]e believe that the actions of the Defendants do rise to an actionable level of the Fourteenth Amendment violation, 42 U. S. C. §1983 as well as other violations of

---

[1] The house was owned by North La. Rentals, LLC which is in turned owned by Luther E. Sanson, Jr.. The LLC is the proper party plaintiff.

negligence and abuse."

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552;

International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Litttle v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## Analysis

The City of West Monroe (City) determined that the plaintiffs' house constituted a hazard under its applicable ordinances. Therefore, in accordance with the ordinances, the City served written notice on the plaintiffs to show cause why the house should not be condemned. If the owner does not agree to a plan of repair for the structure, the City sends another notice that demolition will take place. Such was done in the instant case. However, plaintiffs did nothing and failed to respond to

either notice. Plaintiffs did not appear for the show cause hearing and no appeal of the City's action was taken by plaintiffs. Instead, plaintiffs filed this lawsuit.

Plaintiffs do not contest the validity of the ordinances under which the demolition was ordered and performed. Rather, they contest the manner in which the actions authorized by the ordinances were carried out. Therefore, the claims relate to procedural due process. The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Bd. Of Regents v. Roth, 92 S. Ct. 2701 (1972). Procedural due process entitles a person to a hearing before being deprived of an interest protected by the Fourteenth Amendment. Roth, supra. However, procedural due process rights do not vest in a party who has failed to seek a hearing before filing suit. Goldsmith v. United States Bd. Of Tax Appeals, 46 S. Ct. 215 (1926).

In this case, though not elucidated by plaintiffs, their complaint is related to property rights. However, though the city ordinances regarding demolition provided plaintiffs with certain protections to which due process rights attached, the plaintiffs cannot state a claim for a procedural due process violation because they opted not to appeal the order for demolition. LeClerc et al v. Webb et al, 419 F.3d 405 (5th C. 2005). Plaintiffs do not contend that they did appeal and have not offered proof that they attempted to appeal. Plaintiffs could have raised their arguments regarding the qualifications *vel non* of the building inspectors and the relevance, if any, of the existence of a building permit at such a hearing. That is the purpose of the hearing. They did not.

Because there has been no constitutional violation, Mayor Norris enjoys qualified immunity from the claims asserted by plaintiffs. See Saucier v. Katz, 121 S. Ct. 2151 (2001); Price v. Roark, 256 F. 3d 364, 369 (5th Cir. 2001).

Finally, plaintiffs argue that because they had a valid extant building permit that, somehow, that fact should have prevented the order of demolition. Plaintiffs do not explain the reasoning for this assertion and have provided no legal authority for such a finding. To the extent that they may be arguing that such fact violated procedural due process, they failed to perfect their rights to pursue such a claim, as discussed above. To the extent plaintiffs may be claiming that this fact constitutes a non-constitutional wrong under state law, this court should decline pendant jurisdiction to hear such claim since no federal jurisdiction is apparent.[2]

For the foregoing reasons, IT IS RECOMMENDED that defendants' motion for summary judgment, Doc. #23, be GRANTED and that this case be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

---

[2] Any such claim is likely foreclosed anyway by plaintiffs' failure to appeal the order for demolition.

**ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21st day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE