RECEIVED
IN MONROE, LA
MAR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUTHER SANSON, JR., ET AL. | CIVIL ACTION NO. 04-2320 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF WEST MONROE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 23] filed by Defendants. This is an action by Plaintiffs against Defendants for damages incurred when the City of West Monroe demolished a wood frame rent house as a safety hazard. On February 22, 2006, Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 29] recommending that Plaintiffs' Complaint be dismissed with prejudice. On March 6, 2006, Plaintiffs filed timely objections to the Magistrate Judge's Report and Recommendation [Doc. No. 30]. Defendants did not file a response.

When a party files timely objections to a magistrate judge's report and recommendation, the district court conducts a *de novo* review of those portions of the report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Having conducted a *de novo* review of the entire record, including the objections, this Court concurs with and adopts the Magistrate Judge's Report and Recommendation with the following additional analysis:

1

Plaintiffs assert that the actions of Defendants were "a wrongful taking . . . plain and simple" effected when they allegedly failed to adhere to applicable building ordinances. [Doc. No. 30, p. 1]. Because Plaintiffs held a valid building permit, they contend that Defendants should have stopped all demolition proceedings.

While Plaintiffs did assert a takings claim in their Complaint, neither the parties nor Magistrate Judge Kirk analyzed Plaintiffs' claims under the Takings Clause. *See* [Doc. No. 1, ¶ 3 ("Plaintiffs was [sic] denied the right to due process and his [sic] property was unlawfully taken under the 14th amendment to the U.S. Constitution."]. Rather, all parties, including Plaintiffs, analyzed the claims under the Due Process Clause.[1] In fact, Magistrate Judge Kirk concluded that "the claims relate to procedural due process." [Doc. No. 29, p. 4].

Nevertheless, the Court finds that Plaintiffs' lawsuit is subject to dismissal under the Takings Clause as well as the Due Process Clause. This is a typical takings case in the sense that the City of West Monroe acted to condemn property on the basis that it was a safety hazard. *See The Johns Corp. v. City of Houston*, 214 F.3d 573, 578 (5th Cir. 2000). Plaintiffs have not raised an attack on the City of West Monroe's right to demolish hazardous buildings, nor do they assert that Defendants demolished the house in question for a private purpose. Rather, they contend that they are entitled to compensation for the taking of the house and the lost rental income.

---

[1]The Court has considered whether Plaintiffs' takings claim is properly before it. Defendants filed the Motion for Summary Judgment conducting only a due process analysis, and Plaintiffs merely responded to the arguments asserted in Defendants' memorandum. It would have been prudent of Plaintiffs to point out that their takings argument had not been addressed, just as it would have been prudent to detail more fully the claims it asserted under the Fourteenth Amendment, but Plaintiffs' failure does not constitute a waiver of their takings claim. Even if the Court otherwise accepts Magistrate Judge Kirk's analysis, Plaintiffs appear to object that its takings claim would remain viable.

In this case, Plaintiffs' failure to appear at the hearing and contest the condemnation of the property in question forecloses their takings claim. The Supreme Court has indicated that a district court may dismiss without prejudice a takings claim under the following circumstances:

> . . . respondent did not seek compensation through the procedures the State has provided for doing so. . . The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S., at 297, n. 40, 101 S. Ct., at 2371, n. 40. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "'reasonable, certain and adequate provision for obtaining compensation'" exist at the time of the taking. *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 124-125, 95 S. Ct. 335, 349, 42 L.Ed.2d 320 (1974) (quoting *Cherokee Nation v. Southern Kansas R. Co.*, 135 U.S. 641, 659, 10 S. Ct. 965, 971, 34 L.Ed. 295 (1890) ). *See also Ruckelshaus v. Monsanto Co.*, 467 U.S., at 1016, 104 S. Ct., at 2879-2880; *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 21, 60 S. Ct. 413, 414, 84 L.Ed. 554 (1940); *Hurley v. Kincaid*, 285 U.S. 95, 104, 52 S. Ct. 267, 269, 76 L.Ed. 637 (1932). If the government has provided an adequate process for obtaining compensation, and if resort to that process "yield[s] just compensation," then the property owner "has no claim against the Government" for a taking. [*Ruckelshaus* v.] *Monsanto*, 467 U.S. [986], at 1013, 1018, n. 21, 104 S. Ct., at 2878, 2881, n. 21 [1984]. Thus, we have held that taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act, 28 U.S.C. § 1491. *Monsanto*, 467 U.S., at 1016-1020, 104 S. Ct., at 2880-2882. Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

*Williamson Cty. Reg. Planning Comm'n. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (1985).

The Court would ordinarily dismiss this case without prejudice to allow Plaintiffs to avail themselves of state law remedies. However, no such remedies are available to Plaintiffs because of their own failures. Defendants gave Plaintiffs more than one notice of their intent to demolish the house, but Plaintiffs failed to respond. Plaintiffs further failed to appear at a hearing in which the demolition could have, perhaps, been prevented. Finally, Plaintiffs failed to appeal the decision of

3

the City of West Monroe at the hearing, a step which might also have prevented the demolition of the property. Under these circumstances, Plaintiffs failed to take any steps to prevent the demolition of the house and/or to obtain compensation. Accordingly, Plaintiffs' takings claim must be dismissed with prejudice.

MONROE, LOUISIANA, this 20 day of March, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE